IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE G. DE LA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3283-L-BN |
| | § | |
| VA MED. HOSPITAL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jose G. De La Garza, appearing *pro se*, filed this civil action alleging that he was subjected to mistreatment during his visit to the Dallas VA Medical Center. *See* Dkt. No. 3. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On August 21, 2013, Plaintiff filed a complaint seeking $50,000 in damages due to alleged negligence and rude behavior by employees of the Dallas VA Medical Center. The Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. On August 22, 2013, the Court sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of his suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on September 12, 2013. *See* Dkt. No. 9. Based on the responses, the Court sent another questionnaire to determine whether Plaintiff exhausted administrative remedies under the Federal Tort Claims

Act. *See* Dkt. No. 10. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 1.

Plaintiff did not respond to the second questionnaire. On October 24, 2013, the Court re-sent the second set of interrogatories to Plaintiff. Plaintiff was admonished that failure to accurately and adequately complete the questionnaire by November 13, 2013 "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." Dkt. No. 11 at 2. Plaintiff again failed to respond to the second questionnaire. The undersigned then recommended that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See* Dkt. No. 12.

Plaintiff then submitted correspondence indicating that he was hospitalized and unable to timely comply with the Court's order. *See* Dkt. No. 13. The Court construed the document as a motion seeking an extension of time to file his response to the Magistrate Judge's Second Questionnaire, vacated the recommendation of Rule 41(b) dismissal, and granted Plaintiff one final opportunity to respond to the interrogatories by December 24, 2013. *See* Dkt. No. 15. The undersigned warned, again, that "failure to file answers to the Second Questionnaire may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Dkt. No. 15.

Over week after the new deadline, Plaintiff has, once again, failed to comply.

## Legal Standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157

F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

The Court sent written interrogatories to Plaintiff more than three months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case.

The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether the Defendants should be served. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.

Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff's motion to appoint counsel [Dkt. No. 5] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 2, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE